# MANDATE

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand twenty-two.

PRESENT:
        GUIDO CALABRESI,
        GERARD E. LYNCH,
        JOSEPH F. BIANCO,

                *Circuit Judges*.

---

Annette Hall, Karen Grant Williams, Alexi Arias,

                *Plaintiffs*,

Donna Hodge, Albert E. Percy, Percy Jobs and Careers Corporation, an IRC 501(c)(3) non-profit, as Class Representative

                *Plaintiffs-Appellants*,
    v.                                                                                      21-1564, 21-1570,
                                                                                21-1572, 21-1573,
                                                                                 21-1574, 21-1575,
                                                                                 21-1577, 21-1578,
                                                                                 21-1585, 21-1587,
                                                                                 21-1597

Oriska Corp General Contracting, 100 Percent

Fun, 11 Enviro Group, Andrew M. Cuomo,
Roberta Reardon, New York State Department
of Labor, I Grace Co, I M Robbins Consulting
Engineers, I Perceptions, S & E Azrlliant P C,
S & J Sheet Metal Supply Inc, S & L Aerospace
Metals LLC, F & E Maintenance Inc, FDR Svc
Corp, FI Electric, Manhattan
Telecommunications Corporation, Manhattan
Youth, Manhattan's Physicians Group,
Allstate Administrators, Inc., Allstate ASO,
All American School Bus Corp., D & D Metal
Work Inc, D & F Development Group,
D & J Concrete Corp., Children's Law Center,
Chilmark Builders Inc, Chimera Securities,
LLC, P & H Painting Inc., P & K Contracting
Inc., P & T II Contracting Corp, U & I
Mechanical Corporation, U A Construction,
U Arias Corp,
                          *Defendants-Appellees*.

---

FOR PLAINTIFFS-APPELLANTS:        Anthony Robinson, Law Office of Anthony Robinson, Baltimore, MD.

Appeal from the orders of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Plaintiffs-appellants Donna Hodge, Albert E. Percy, and Percy Jobs and Careers Corporation appeal the orders of the United States District Court for the Eastern District of New York, entered on May 27, 2021, in each of these eleven cases that have been consolidated for purposes of appeal. Those eleven cases were all filed in federal court (the "Federal Actions") and were among twenty-nine related cases that were pending in the district court, with the remaining eighteen cases having been removed to the district court from state court (the "Removed Actions"). Attorney James M. Kernan represented appellants as putative class representatives in both the

2

Federal Actions and the Removed Actions and filed the notices of removal in the Removed Actions. Kernan is a former owner, founder, and executive of Oriska Corporation, a New York-based property and casualty insurer that, through its former subsidiary Oriska Insurance Company (together, "Oriska"), provides workers' compensation insurance policies. As outlined by the district court, all of the Federal Actions—which collectively name almost 9,000 defendants—focus on an on-the-job training and apprenticeship program created by Kernan and delivered exclusively through Oriska's workers' compensation insurance coverage. The putative class representatives, including appellants, claim that the defendants' failure to adopt the training and apprenticeship program offered by Oriska violated their rights under 18 U.S.C. § 2000e-2(k)(1), and they seek various forms of relief in connection with the alleged violations. The Removed Actions are shareholder derivative suits seeking reimbursement of unpaid insurance premiums allegedly owed to Oriska's former subsidiary.

The district court remanded the Removed Actions to state court, *sua sponte* dismissed the Federal Actions, and granted attorneys' fees and costs in favor of the parties in the Removed Actions who moved for remand. After initially filing notices of appeal in all twenty-nine cases, appellants withdrew the notices of appeal in the Removed Actions. Therefore, in this consolidated appeal, appellants challenge only the district court's *sua sponte* dismissal of the Federal Actions.[1] The district court dismissed each of the eleven Federal Actions on the following grounds:

> Kernan has filed eleven nearly-identical actions in this district against at least 8,773 defendants. The complaints provide general descriptions of the defendants as a class, but do not explain the significance of the specific defendants that are named . . . . The apparently baseless identification of defendants suggests that there is no genuine connection between the allegations in the complaints and the thousands of defendants identified in the case captions. Without a legitimate foundation for

---

[1] In their appellate brief, appellants also seek to challenge the district court's award of attorneys' fees and costs in the Removed Actions. However, because that award was only granted in the Removed Actions and appellants have withdrawn their notices of appeal in the Removed Actions, we lack jurisdiction to review that determination in this consolidated appeal of the Federal Actions.

3

naming such an extensive list of defendants, [counsel's] conduct appears to rise to the level of harassment against them, and at least one named defendant has contacted the court with concerns about being scammed. Further, [counsel's] conduct has imposed a substantial and unnecessary burden on the court's administrative procedures, its staff, and its filing system. This harassing and burdensome conduct alone supports dismissal of the Federal Actions pursuant to this court's inherent authority to "achieve the orderly and expeditious disposition of cases."

*Percy v. Oriska Gen. Contracting*, No. 20-cv-6131, 2021 WL 2184895, at *8 (E.D.N.Y. May 27, 2021) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). The district court also held that the conduct of appellants' counsel, Kernan, warranted dismissal of the Federal Actions under Federal Rule of Procedure 41(b) for failure to comply with a court order because his representation of the parties involved in litigation related to the business of insurance for the benefit of Oriska violated the terms of his federal conviction as ordered by the Northern District of New York.[2] *Id.*

On appeal, appellants argue that the district court erred in dismissing the Federal Actions *sua sponte* under both its inherent authority and Rule 41(b). We review a district court's dismissal under Rule 41(b) for abuse of discretion. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009); *Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir. 1986). We have not decided whether a district court's *sua sponte* dismissal of a complaint pursuant to its inherent authority is reviewed

---

[2] The district court's order recounts in detail Kernan's disciplinary history arising from his 2009 federal conviction in the Northern District of New York for knowingly permitting a convicted felon to be involved in the business of insurance in violation of 18 U.S.C. § 1033(e)(1)(B). *Percy*, 2021 WL 2184895, at *4–5. The consequences of that conviction pursuant to 18 U.S.C. § 1033(a)(1)(A), (e)(2), included "prohibit[ing] [Kernan] from engaging in the business of insurance in any state unless pre-approved to do so by the relevant state authority." *Id.* at *8. In 2013, the relevant state authority, the New York State Department of Financial Services ("NYSDFS"), entered a final order denying Kernan permission to engage in the business of insurance and "directing [ ] Kernan to terminate his ownership capacity at Oriska Insurance Company, including but not limited to providing legal [services] . . . by himself or by any member of his family or relative, directly or indirectly, to Oriska." *Id.* at *4 (internal quotation marks omitted); *see also Kernan v. Emami*, 144 N.Y.S.3d 267, 268 (4th Dep't 2021) (affirming prohibitions imposed on Kernan by the 2013 NYSDFS order). The district court found that Kernan violated the terms of his conviction and the orders of the Northern District of New York and NYSDFS by "attempting to represent parties involved in litigation related to the business of insurance for the benefit of Oriska in both the Removed and Federal Actions." *Id.* at *8.

*de novo* or for abuse of discretion. *See Williams v. Bronx Cnty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 855 (2d Cir. 2018) (summary order). We need not resolve that issue here, however, because we determine that the district court's decision is correct even under *de novo* review.

It is well settled that "courts traditionally have exercised considerable authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989) (quoting *Link*, 370 U.S. at 630–31). Therefore, a district court may—based on both its inherent authority and Rule 41(b)—dismiss an action *sua sponte* for failure to prosecute or failure to comply with a court order. *See Lewis*, 564 F.3d at 575; *accord LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see also Costello v. United States*, 365 U.S. 265, 286–87 (1961) (holding that district court may *sua sponte* dismiss an action for plaintiff's failure to comply with a court order).

Appellants argue that the district court lacked the authority to dismiss the Federal Actions *sua sponte* without first providing them with notice and an opportunity to be heard. To be sure, we have emphasized that "dismissing a case without an opportunity to be heard is, at a minimum, bad practice in numerous contexts and is reversible error in others." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) (collecting cases). More specifically, because a Rule 41(b) dismissal is "'the harshest of sanctions,'" we have "insist[ed] that dismissal 'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Baptiste v. Sommers*, 768 F.3d 212, 216–17 (2d Cir. 2014) (per curiam) (quoting *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Although the district court did not provide such notice and opportunity to be heard to appellants prior to the *sua sponte* dismissals of the Federal Actions, we can "nevertheless

undertake to address the issues raised on this appeal ourselves" where the parties "have fully briefed all the questions raised on this appeal" and "those issues are predominantly of a legal nature." *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001); *see also Link*, 370 U.S. at 632 (holding that not "every [dismissal] order entered without notice and a preliminary adversary hearing offends due process").

On appeal, appellants point to no facts that they could have presented in the district court that would have altered or undermined the district court's analysis, nor do they persuasively articulate any legal error in that analysis. In short, having now given appellants an opportunity to be heard and having conducted *de novo* review of appellants' arguments, we find them to be without merit and conclude the dismissals were warranted in the Federal Actions for the reasons articulated by the district court. Accordingly, any procedural defect regarding a lack of notice and an opportunity to be heard in the district court prior to the dismissals was harmless under the particular circumstances present here and does not provide a basis for reversal.

\*   \*   \*

We have considered appellants' remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit